T.C. Memo. 2008-296

UNITED STATES TAX COURT

LOURDES VASQUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19333-07.              Filed December 29, 2008.

<u>Louis Samuel</u>, for petitioner.

<u>Donna F. Herbert</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $29,242 and a section 6662(a) accuracy-related penalty of $5,848 in petitioner's 2003 Federal income tax.  After settlement of some issues, the primary issue for decision involves the deductibility as ordinary and necessary business expenses of $74,000 in claimed

payments to unnamed individuals for their assistance in petitioner's mortgage loan business.

All section references are to the Internal Revenue Code in effect for 2003, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

During 2003 petitioner acted as an independent mortgage broker obtaining mortgage loans within the low-income Hispanic community in Southern California. Petitioner would hire individuals (outside help) to assist her in finding loan customers (i.e., people interested in loans to purchase a home, in home mortgage refinancing, and in home equity loans).

Petitioner's outside help would canvass a neighborhood, would pass out to individuals in the neighborhood, and would leave on doorsteps information about petitioner's mortgage loan business, lending rates available through petitioner, and how to contact petitioner. Petitioner would pay cash fees to the outside help for their assistance.

All other information about petitioner's outside help is unclear and unsupported by documentation offered at trial. We have no names for the individuals petitioner used for outside

help, no addresses, no outside help as witnesses, no books and records substantiating to whom, and when, and in what amounts petitioner made payments in 2003 for her outside help.

On Schedule C, Profit or Loss From Business, attached to her 2003 individual Federal income tax return, petitioner identified her mortgage loan business as a "Business Management Consulting Service", and petitioner reported $213,128 in business income and total expenses of $154,886, of which $74,000 was specifically identified on the Schedule C as "Outside Help (5) 1099". Petitioner's 2003 Federal income tax return was prepared by a tax return preparer.

During respondent's audit petitioner claimed that the $74,000 represented payments made in 2003 to outside help and should be allowed as ordinary and necessary expenses of her mortgage loan business. Also, petitioner submitted to respondent a number of purported Forms 1099, Miscellaneous Income, with names and amounts, and petitioner represented to respondent that the Forms 1099 reflected amounts paid to the individuals named on the forms for their outside help. Respondent's attempts to verify the accuracy of the Forms 1099-MISC, however, were unsuccessful. Respondent and the Social Security Administration have no record of the filing of any of the Forms 1099-MISC petitioner submitted to respondent. Further, none of the Social

Security numbers on the Forms 1099-MISC which petitioner submitted represented valid Social Security numbers.

For lack of substantiation, respondent disallowed the $74,000 claimed cash payments for outside help.

OPINION

Under section 6001, taxpayers are required to maintain records and documentation relating to their business income and expenses.

Petitioner has the burden of proof with regard to expense deductions disallowed by respondent.  Rule 142(a).[1]

Petitioner claims that each time a loan was finalized she somehow identified the individual outside helper who had "brought" the loan customer to her and that she (petitioner) paid the outside helper 30 percent of the gross profit petitioner earned on the loan.  Petitioner, however, offered no documentation and no credible evidence as to the individuals and amounts she paid for outside help.  Further, the Forms 1099-MISC petitioner submitted during respondent's audit appear unauthentic and cause us to question all of petitioner's evidence.

On the basis of her 2003 tax return, it would appear that petitioner had only five outside helpers, and petitioner offers

---

[1]  In light of the lack of records and of credible evidence with regard to the expenses in dispute, petitioner does not qualify for a shift in the burden of proof under sec. 7491(a).

no excuse for not calling any of the outside helpers as witnesses at trial; nor does petitioner offer any valid explanation as to why her tax return preparer was not called as a witness.

A mortgage loan broker, of all people, should appreciate the importance of maintaining good records and documenting cash payments. We sustain respondent's disallowance of the $74,000 petitioner claims to have paid to outside help.

We also sustain respondent's imposition of the accuracy-related penalty. Other than petitioner's 2003 Federal income tax return, no records were offered into evidence to sustain the large expenses claimed. Inaccurate Forms 1099-MISC were submitted during respondent's audit. Petitioner's tax return preparer was not called as a witness.

For the reasons stated,

Decision will be entered under Rule 155.